IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANASTASIO NICK LAOUTARIS,<br>   BOP #47066-177,<br>                 MOVANT, | §<br>§<br>§<br>§ | |
| V. | §<br>§<br>§ | CIVIL NO. 3:22-CV-334-B-BK<br>(CRIMINAL NO. 3:13-CR-386-B-1) |
| UNITED STATES OF AMERICA, | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Anastasio Nick Laoutaris' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the § 2255 motion should be **DISMISSED WITH PREJUDICE** as time barred.[1]

**I.    BACKGROUND**

In 2015, a jury convicted Laoutaris of two counts of computer intrusion causing damage, for which he was sentenced to concurrent 115-month imprisonment terms and a three-year term of supervised release. Crim. Doc. 103 at 1-3. He was also ordered to pay $1,697,800 in restitution. Crim. Doc. 103 at 6. His conviction and sentence were affirmed on direct appeal. *United States v. Laoutaris*, 710 F. App'x 215 (5th Cir. 2018) (per curiam), *cert. denied*, 139 S.

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Ct. 253 (Oct. 1, 2018). Subsequently, Laoutaris unsuccessfully moved to extend the time to file a § 2255 motion. *Laoutaris v. United States*, No. 3:19-CV-1221-B-BK (N.D. Tex. June 20, 2019) (accepting magistrate judge's recommendation and dismissing motion for extension of time without prejudice for want of jurisdiction); Civ. Doc. 3; Civ. Doc. 5. He also sought to reduce his sentence under the First Step Act, but his motions were unavailing. Crim. Doc. 185 (denying motions to reduce sentence and to appoint counsel); Crim. Doc. 179 (same).

On February 8, 2022, Laoutaris filed this instant § 2255 motion, alleging newly discovered evidence and claiming actual innocence. Doc. 1 (*2255 Submission*); Doc. 4 (*Amended Motion Under 28 U.S.C. § 2255*). Because Laoutaris' § 2255 motion appeared untimely, the Court directed him to respond regarding the application of the one-year limitations period, which he has now done. Doc. 6; Doc. 7.

After a review of the relevant pleadings and law, the Court concludes that Laoutaris cannot show that he falls within the "actual innocence" exception. Consequently, he cannot overcome the limitations bar and his § 2255 motion should be dismissed.

## II.   ANALYSIS

### A.   Actual Innocence is Not Applicable

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Laoutaris contends that his motion is timely filed based on "newly discovered evidence" that establishes his actual innocence. Doc. 4 at 4; Doc. 7 at 1. Specifically, he alleges that the "[n]ew evidence clearly show[s] another party guilty of [his] offence." Doc. 4 at 4. The remainder of his pleading states *in toto*:

> The Bloomberg Investigate team among other cybersecurity groups and FBI Special Agent James Craig have concluded since the Petitioner's trial that the

> hacking of Locke Lord computer Network were perpetrated by a Chinese Hacking Group known as HTML Comment Group, inter alia.
>
> For details please see Memorandum and exhibits that were filed on 2/8/22 case #3:22cv334.

Doc. 4 at 4.

While a claim of actual innocence may provide "a gateway through which a petitioner may pass" after the limitations period has elapsed, "tenable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A gateway actual innocence claim is available only when a movant presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quotations and quoted case omitted). To meet the threshold requirement, a movant must present "new reliable evidence," *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018)—namely "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Perkins*, 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Laoutaris premises his actual innocence claim on two articles, which he claims show that the hacking of Locke Lord computer network was perpetrated by a Chinese Hacking Group known as HTML Comment group. He avers the newly discovered evidence "became available after [his] trial" through the help of friends and family who discovered these articles online. Doc. 1 at 2. Laoutaris contends that he qualifies for relief under the actual innocence and/or miscarriage of justice exception, "[a]s it is both legally and logically impossible that [he] and the foreign bad actors could both independently be the sole perpetrator of the same crime . . . ." Doc. 1 at 1-2, 6. He maintains that "if the jury was apprised of these indictments of foreign bad actors along with these investigating groups findings, there is 'no possible chance any trier of fact could have found the Petitioner guilty' as per *Bousley* actual innocence standard." Doc. 1 at

6.

However, neither article suffices to support Laoutaris' actual innocence gateway claim. The first article mentions that some of Locke Lord's computers were hacked on July 21, 2011, several months *before* the December 2011 hacking incidents charged in Laoutaris' superseding indictment. Doc. 1 at 10; Crim. Doc. 32. The second article pertains to the investigation of Russian hackers, *not* Chinese hackers, and does not even mention the HTML Comment group. Doc. 1 at 12-21. Further, Laoutaris testified in his own defense at his trial, denying any involvement with the Locke Lord attacks. Crim. Doc. 138 at 186-278. He presented an expert witness, William Charles Easttom, who also suggested the attacks came from state actors in China. Crim. Doc. 138 at 32-34, 43-46, 59-63. That notwithstanding, the jury convicted Laoutaris on both counts, and the Fifth Circuit Court of Appeals affirmed his conviction finding there "was ample circumstantial evidence identifying [Laoutaris] as the perpetrator of these offenses." *Laoutaris*, 710 Fed. App'x at 216 (rejecting sufficiency-of-the-evidence claim and related ineffective-assistance claims).

The articles cited are simply not new, reliable evidence of Laoutaris actual innocence; that is, they do not "'show that it is more likely than not that no reasonable juror would have convicted him in the light of [them].'" *Perkins*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327). Succinctly stated, his assertions do not come close to satisfying the rigorous standard in *Schlup*. As such, even when liberally construed, Laoutaris' actual-innocence claim is unsubstantiated and conclusory.

Accordingly, Laoutaris has not met his burden to show that the actual innocence exception is applicable under the facts of this case. His § 2255 motion should be dismissed as time barred.

### B. No Basis for Equitable Tolling

Although not asserted, Laoutaris also posits no facts from which the Court can find that equitable tolling applies. A movant is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations and quoted case omitted)).

### III. CONCLUSION

For the foregoing reasons, Laoutaris' motions to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f); Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.

**SO RECOMMENDED** on August 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).